■ In the Matter of STACEY L. MONTESANO, Respondent, v NORTH FORK BANK, Appellant. [722 NYS2d 767] —In a proceeding pursuant to Judiciary Law § 753 to hold North Fork Bank in contempt of court for failure to comply with court-ordered judicial subpoenas directing it to produce documents in an action entitled *Montesano v Montesano,* pending in the Supreme Court, Nassau County, under Index No. 29203/94, North Fork Bank appeals from so much of an order of the Supreme Court, Nassau County (Skelos, J.), dated March 27, 2000, as, in effect, granted the petition to the extent of directing it to produce the subpoenaed documents no later than 9:30 A.M. on March 29, 2000, and directing it be paid the amount of only $.15 per copy for searching for and reproducing the documents, and denied

its cross motion pursuant to CPLR 2304 to condition compliance with the subject subpoenas upon payment of fees and expenses in the sum of $8,929.85.

Ordered that the order is modified by (1) deleting from the first paragraph thereof the words "not later than March 29, 2000, at 9:30 A.M.," and (2) deleting the provision thereof directing that North Fork Bank be paid the amount of only $.15 per copy for searching for and reproducing the subpoenaed documents, and substituting therefor a provision directing that a hearing be held to determine the reasonable amount to be charged per hour for the time spent to locate the documents responsive to the subpoenas in addition to the amount of $.15 per copy for the cost of reproduction; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith; and it is further,

Ordered that the appellant's time to comply with the subject subpoenas is extended until five days after service upon it of an order with notice of entry determining the amount to be charged for locating the documents responsive to the subpoenas in addition to the amount of $.15 per copy for the cost of reproduction.

While CPLR 2304 grants the Supreme Court broad discretionary power to impose reasonable conditions on compliance with a subpoena, the Supreme Court improvidently exercised its discretion in directing the appellant, North Forth Bank (hereinafter North Fork), to produce the subpoenaed documents, which are substantial in amount, within only one day. Moreover, since the documents were not in paper form as requested by the petitioner, and the petitioner refused North Fork's invitation to review them in their original form, the reimbursement of only $.15 per copy was not adequate. A hearing is required to determine the appropriate hourly rate for research time spent to locate the subject documents, in addition to the rate of $.15 per copy.

The appellant's remaining contention is without merit. S. Miller, J. P., Krausman, Luciano and Feuerstein, JJ., concur.